1  TERRY M. GORDON - SBN 75604
   LAW OFFICES OF TERRY M. GORDON
2  Three Harbor Drive, Suite 215
   Sausalito, California 94965
3  Telephone:   (415) 331-3601
   Facsimile:   (415) 331-1225
4

5  JOHN G. JACOBS (*PENDING PRO HAC VICE*)
   BRYAN G. KOLTON (*PENDING PRO HAC VICE*)
6  THE JACOBS LAW FIRM, CHTD.
   122 South Michigan Avenue
7  Suite 1850
   Chicago, Illinois 60603
8  Telephone: (312) 427-4000
   Facsimile: (312) 427-1850
9

10 JAY EDELSON (*PENDING PRO HAC VICE*)
   MYLES MCGUIRE (*PENDING PRO HAC VICE*)
11 ELIZABETH MACKEY (*PENDING PRO HAC VICE*)
   JOHN BLIM (Of Counsel) (*PENDING PRO HAC VICE*)
12 KAMBEREDELSON, LLC
   53 West Jackson Boulevard, Suite 1530
13 Chicago, Illinois 60604
   Telephone: (312) 589-6370
14 Facsimile: (312) 873-4610

15
   ATTORNEYS FOR PLAINTIFF
16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LOUIS JIRAN AND DELORES GRESHAM, individually and on behalf of a class of similarly situated individuals, | Case No. CV 08-00013 SI |
| Plaintiffs, | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REMAND** |
| v. | Hearing Date: Feb. 22, 2008<br>Time: 9:00 a.m. |
| AT&T MOBILITY, LLC d/b/a/ The New AT&T f/k/a CINGULAR WIRELESS, a Delaware limited liability company, VERISIGN, INC., a Delaware corporation, M- | Dept.: Crtrm. 10, 19th Flr.<br>The Hon. Susan Illston |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**
**Case No. CV 08-00013 SI**

| | |
|---|---|
| QUBE, INC., a Delaware corporation, and <br> MOBILE MESSENGER AMERICAS, INC., <br> a Delaware corporation, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) **CLASS ACTION** |

## I. Introduction

In their removal papers, Defendants AT&T Mobility LLC, VeriSign, Inc., m-Qube, Inc., and mBlox, Inc. (hereinafter "Defendants") claim that the amount in controversy of this action exceeds $5,000,000. However, Defendants can cite to no concrete allegations in the Complaint -- let alone adduce evidence of their own -- to support the claim in their Notice of Removal that "the alleged aggregate amount in controversy . . . exceeds $5,000,000". (Notice of Removal ¶¶ 15, 19.) Defendants, who have the burden of proof, would have the Court find that jurisdiction under the Class Action Fairness Act (CAFA) exists simply because the amount in controversy "would appear to be substantial." (Notice of Removal ¶¶14, 18). The unanimous law on the subject makes plain that Defendants' argument should be rejected. Further, because their removal petition is "wrong as a matter of law," Defendants should be required to pay Plaintiff's fees and expenses in bringing this motion.

## II. Facts

Plaintiffs Louis Jiran and Delores Gresham ("Jiran and Gresham") on behalf of themselves and a class bring the underlying action against Defendants seeking to stop Defendants' practice of causing cellular telephone customers to be billed for mobile content services ordered by customers previously assigned their telephone number, and to obtain redress for all persons injured by their conduct.

Mobile content services include services such as ring tones, games, horoscopes, text alerts, jokes and stock quotes delivered to customers' mobile devices. (Comp. ¶ 16.) These

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**
**Case No. CV 08-00031 SI**

mobile content services generally renew automatically each month and the resulting charges are included on the customer's cell phone bill. (Comp. ¶ 17.) Jiran and Gresham's claims stem from what happens when telephone carriers, such as AT&T, "recycle" cellular telephone numbers that were previously assigned to other persons or entities and which are encumbered with pre-existing billing obligations for products and services authorized by the telephone carriers' customers previously assigned those numbers. (Comp. ¶¶18-19.) Neither the telephone carriers nor the billing agents, such as Defendants m-Qube, Inc. and mBlox, have set up procedures to "cleanse" dirty numbers of their pre-existing mobile content subscriptions, and as a result, Defendants continue to charge the new customers for mobile content subscriptions purchased by the old customers. (Comp. ¶¶ 19-21.)

### III.  Applicable Statutory Law

CAFA provides, putting aside certain exceptions that are not applicable, "the district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," there are at least 100 members of the putative class, and at least one member of the putative class is a citizen of a state different from the defendant. 28 U.S.C. § 1332(d)(2).

### IV.  Argument

#### A.  Removal statutes such as 28 U.S.C. § 1332(d)(2) are strictly construed.

The removal statutes are construed restrictively in this Circuit and there is a strong presumption against removal:

> The removal statutes are construed restrictively, so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Hofler v. Aetna U.S. Healthcare*, 296 F.3d 764, 767 (9th Cir. 2002). There is a "strong presumption" against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d

564, 566 (9th Cir. 1992). Doubts as to removability are resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.2003).

*Havel v. SunAmerica Securities, Inc.*, 2006 WL 2917591, *1 (N.D.Cal. Oct. 11, 2006).

### B. Defendants have failed to meet their burden of showing by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.

It is well established that "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." See, *e.g. Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (per curiam); *Blockbuster v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006); *Morgan v. Gay*, 471 F.3d 469, 473 (3d. Cir. 2006); *Evans v. Walter Indus. Inc.*, 449 F.3d 1159, 1165 (11th Cir. 2006). Where a complainant does not specify damages sought, a defendant must "prove by a preponderance of the evidence that the amount in controversy requirement has been met" in order to meet this burden. *Abrego*, 443 F.3d at 683 (citations omitted).

In the instant case, Defendants have failed to meet their burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. Without providing any cost analysis or monetary reference points, Defendants do little more than baldly assert that Jiran and Gresham's requested damages and other forms of relief "would appear to be substantial". (Notice of Removal ¶¶14, 18.) From there, Defendants summarily conclude that the "alleged aggregate amount in controversy . . . exceeds $5,000,000." (See Notice of Removal at ¶14-15, 18-19.) While Defendants repeatedly list all of Jiran and Gresham's claims and requested forms of relief, Defendants decline to offer any real explanation, let alone provide any evidence of their own, to support their conclusion that the amount in controversy exceeds $5,000,000. (See Notice of Removal at ¶¶12-14, 16-18)

The closest Defendants come in this regard is to reference Plaintiff's allegations that Defendants have "for years . . . systematically [and] repeatedly . . . caused charges to be placed on . . .[the] monthly cell phone bills" of "thousands" of customers. (Notice of Removal ¶11.) However, it simply does not follow that there is $5,000,000 at issue because "systematic[] [and] repeated[]" charges were placed on thousands of cellular customers' telephone bills. Indeed, Jiran claims he was improperly billed approximately $100.[1] Gresham's overcharges were approximately $20.[2] And there is no reason to believe that either Plaintiff is in any way atypical. Even if there were 5,000 class members in this case, that would mean the average class member would need to have suffered $1,000 in damages in order to reach the jurisdictional amount.

Similarly, Defendants do not meet their burden of proving more than $5,000,000 is in controversy by simply pointing, not to an allegation, but rather, a sub-heading in the Complaint – stating together, Defendants have billed and collected "millions" of dollars in unauthorized charges. (See Notice of Removal at ¶18.) Even if it were appropriate to rely on a heading, the most that Defendants can make of that is that Plaintiffs believe there are at least $2,000,000 at issue; still well short of the $5,000,000 threshold.

Finally, while Defendants state "the cost of complying with an award of injunctive relief on the claims alleged in the Complaint against [Defendants] would appear to be substantial," Defendants have not supported this statement with any evidence at all. (Notice of Removal ¶¶14, 18.) Significantly, Defendants do not refute Jiran and Gresham's assertion that Defendants could easily stop their illegal billing procedures by simply identifying inconsistent dates or identities (i.e., if the carrier's records show that the consent date came before the current number's owner obtained that number). (Comp. ¶ 90.) Because Defendants have provided absolutely no evidence

---

[1] Jiran alleges that Defendants caused AT&T to bill a monthly premium for a "Premium Text Message" service of $9.99 for a nine month period. (Comp. ¶¶26-34.)

[2] Gresham alleges that Defendants caused AT&T to bill her for charges of approximately $9.99 for unwanted mobile content services over a period of less than two months. (Comp. ¶¶45-48.)

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**
**Case No. CV 08-00031 SI**
5

of cost of complying with an award of injunctive relief, they have not shown that these costs would be "substantial," much less that they would be anywhere near $5,000,000.

In short, Defendants are simply asking the Court to assume that this case is large enough to satisfy the jurisdictional requirements of CAFA. In doing so, Defendants have come nowhere close to meeting their burden, and removal was, therefore, improper.

### C. Attorneys' Fees and Costs Should Be Awarded

Because Defendants' removal was wrong as a matter of law, the Court should award costs and fees to the plaintiff. *See Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000)(explaining that plaintiff need not show that defendant acted in bad faith, but rather that the removal was "wrong as a matter of law."). *See also Connecticut Housing Finance Authority v. Eno Farms Ltd. Partnership*, 2007 WL 1670130 (D. Conn. June 6, 2007).

Respectfully submitted,

Dated: January 9, 2008                    LAW OFFICES OF TERRY M. GORDON

By: /s/ Terry M. Gordon
   TERRY M. GORDON
   One of the Attorneys for LOUIS JIRAN
   and DELORES GRESHAM, individually
   and on behalf of a class of similarly
   situated individuals