MICHAEL J. STORTZ (State Bar No. 139386)
Michael.Stortz@dbr.com
BETH O. ARNESE (State Bar No. 241186)
Beth.Arnese@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California 94105-2235
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Attorneys for Defendant
AT&T MOBILITY LLC, formerly known as
Cingular Wireless LLC, a Delaware corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL BRADBERRY, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br>v.<br>T-MOBILE USA, INC., a Delaware corporation,<br>Defendant. | Case No. C 06 6567 CW<br><br>**OPPOSITION TO ADMINISTRATIVE MOTION BY PLAINTIFF RUSSELL BRADBERRY TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| BRADBERRY v. MBLOX, INC. | Case No. C 07 5298 CW |
| JIRAN, et al v. MBLOX, INC., et al. | Case No. C 08 00013 SI |
| PISHVAEE v. M-QUBE, INC. et al | Case No. C 07 3407 JW |
| VALDEZ v. M-QUBE, INC. et al | Case No. C 07 6496 SI |

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\395091\3

OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

CASE NOS. C 06 6567 CW, C 07 5298 CW, C 08 00013 SI, C 07 3407 JW, C 07 6496 SI

AT&T Mobility LLC ("ATTM"), defendant in *Jiran, et al v. mBlox, Inc.*, et al, Case No. C 08 00013 SI ("*Jiran*") and *Pishvaee v. m-Qube*, Inc. et al, Case No. C 07 3407 JW ("*Pishvaee*"), respectfully requests that Plaintiff's motion seeking that these cases be related to *Bradberry v. T-Mobile USA, Inc.*, Case No. C 06 6567 CW ("*Bradberry I*") and *Bradberry v. mBlox, Inc.*, Case No. C 07 5298 CW ("*Bradberry II*") be denied.

## I.

## BACKGROUND

Plaintiff's administrative motion should be considered against the backdrop of the other actions filed in the Northern District of California. Counsel for moving party also is counsel for plaintiffs in at least six actions pending in the Northern District of California. These actions include:

> ***Bradberry I*** (filed October 20, 2006) and ***Bradberry II*** (filed on September 13, 2007, removed on October 17, 2007) (Wilken, J.): against T-Mobile USA, Inc. ("T-Mobile") and Mblox, Inc. ("Mblox") for claims arising from T-Mobile's alleged practice of recycling cellular telephone numbers that are encumbered with third-party charges (also referred to by Plaintiffs as "dirty" numbers);
>
> ***Valdez v. Sprint Nextel Corp.***, **CV No. 06-7587 (*Valdez I*)** (filed on December 12, 2006) (Conti, J.) and ***Valdez v. m-qube, Inc., et al.,* CV No. 07-6496 (*Valdez II*)** (filed on October 18, 2007, removed December 28, 2007) (Illston, J.): against Sprint Nextel Corp. ("Sprint"), m-Qube, Inc. ("m-Qube") Inc., VeriSign, Inc. ("VeriSign") and Buongiorno USA, Inc. ("Buongiorno") for claims arising from Sprint's alleged practice of recycling "dirty" cellular telephone numbers;
>
> ***Sims v. Cellco Partnership d/b/a Verizon Wireless, CV No. 07-1510*** (filed on March 15, 2007) (Chesney, J.)*:* against Cellco Partnership d/b/a Verizon Wireless ("Verizon") for claims arising from Verizon's alleged practice of recycling "dirty" cellular telephone numbers; and
>
> ***Jiran*** (filed on October 16, 2007, removed on January 2, 2008) (Illston, J.): against ATTM, m-Qube, VeriSign, Mblox and Mobile Messenger Americas Inc. for claims arising from ATTM's alleged practice of recycling cellular telephone numbers that are encumbered with third-party charges.

Shortly after removing *Jiran*, ATTM filed on January 8, 2008 an administrative motion in *Pishvaee* (Ware, J.), the first filed action of its kind against ATTM, to consider

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\395091\3

1

OPPOSITION TO ADMINISTRATIVE MOTION TO
CONSIDER WHETHER CASES SHOULD BE RELATED

CASE NOS. C 06 6567 CW, C 07 5298 CW,
C 08 00013 SI, C 07 3407 JW, C 07 6496 SI

whether these cases were properly related under the Local Rules. Both *Pishvaee* and *Jiran* assert that ATTM provided its subscribers with improper recycled telephone numbers that led to unauthorized charges for wireless content provided by defendants VeriSign, m-Qube, Mblox and others.

Pursuant to Local Rule 3-12(e), counsel for Plaintiffs – the same counsel as counsel for plaintiffs in *Bradberry I*, *Bradberry II*, *Sims*, *Jiran*, *Valdez I* and *Valdez II* – had three days in which to respond to that motion. No opposition was filed, and defendants' administrative motion awaits decision.

The instant motion is an attempt to undo counsel's prior decisions to pursue these various actions against different carriers before different Judges in the Northern District of California. ATTM respectfully submits that this carrier-by-carrier approach remains appropriate, given the requirements of Rule 3-12(a). While the *Pishvaee* and *Jiran* actions against ATTM involve the same claims, the actions against different carriers on these "recycled number" claims do not involve "substantially the same parties and transactions." Further, reassignment of some or all of cases against different carriers on these claims is not appropriate, as there is no evident risk of duplication of labor or expense. The administrative motion should be denied.

## II.

## ARGUMENT

A review of the pleadings demonstrates that *Jiran* and *Pishvaee* do not "concern *substantially* the same parties . . . transaction or event" as the *Bradberry* cases. The claims in the *Bradberry* complaints stem from factual allegations related to T-Mobile's alleged practice of recycling to T-Mobile customers "dirty" cellular telephone numbers that are encumbered with third-party charges and/or subscription agreements. (*Bradberry I* Compl. ¶¶ 1, 8-14; *Bradberry II* Compl. ¶¶ 5, 14-32.) The *Jiran* and *Pishvaee* complaints stem from factual allegations related to ATTM's alleged practice of recycling telephone numbers that are encumbered with third-party charges and/or subscription agreements. (*Jiran* Compl. ¶¶ 1-2, 15-56; *Pishvaee* Compl. ¶¶ 10-17.)

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\395091\3

2

OPPOSITION TO ADMINISTRATIVE MOTION TO
CONSIDER WHETHER CASES SHOULD BE RELATED

CASE NOS. C 06 6567 CW, C 07 5298 CW,
C 08 00013 SI, C 07 3407 JW, C 07 6496 SI

1  Moving party contends that because the cases have the same subject matter (i.e.
2  unauthorized charges on wireless subscribers' bills as a result of assignment of recycled
3  cellular phone numbers) and raise the same legal claims against T-Mobile and ATTM,
4  the actions are related within the meaning of Rule 3-12.  While defendants dispute the
5  characterization, the test under Rule 3-12 is not whether the actions share the same
6  subject matter, legal theory of recovery, or counsel.  Instead, Rule 3-12(a)(1) requires that
7  the actions arise out of the same transactional event between the same parties – i.e., that
8  the actions "concern substantially the same parties, property, transaction or event."

9  T-Mobile's alleged practices with regard to "recycling" numbers to its customers
10 unquestionably involves different and distinct core transactions – namely, T-Mobile's
11 customers' transactions with their carrier and content providers.  These transactions are
12 simply not at issue in the *Pishvaee* and *Jiran* actions against ATTM and codefendants.
13 The factual proof (and potentially defenses) arising out of T-Mobile's transactions with
14 its customers will undoubtedly be different than the proof arising out of ATTM's
15 transactions with its customers.  T-Mobile and ATTM are entirely different companies,
16 with different relationships with their respective customers, as well as with the aggregator
17 codefendants who supply third party content to T-Mobile and ATTM subscribers.
18 T-Mobile's transactions with T-Mobile customers regarding any alleged recycled
19 numbers simply do not overlap with ATTM's transactions with its own customers.

20 Plaintiffs' counsel implicitly acknowledged the differences in the cases when they
21 filed separate, individual actions against each carrier (*Jiran* against ATTM, *Sims* against
22 Verizon, *Valdez I* against Sprint and *Bradberry I* against T-Mobile).  Indeed, that
23 difference was confirmed in the subsequent months, when no administrative motion was
24 pursued in by plaintiffs in any of these cases.

25 Because of this important distinction, it cannot credibly be said that efficiencies
26 will be achieved by relating *Jiran* and *Pishvaee* to the *Bradberry* cases.  To be clear, a
27 customer who allegedly received a "dirty" recycled number from T-Mobile does not have
28 a claim against ATTM.  And, despite the fact that *Jiran* alleges similar claims against the

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\395091\3

3

OPPOSITION TO ADMINISTRATIVE MOTION TO
CONSIDER WHETHER CASES SHOULD BE RELATED

CASE NOS. C 06 6567 CW, C 07 5298 CW,
C 08 00013 SI, C 07 3407 JW, C 07 6496 SI

1 aggregator Mblox involved in *Bradberry II*, the purported "substantially similar"
2 transactions or events at issue in these cases are the assigning of "dirty" numbers by *each*
3 of the carriers independently from each other. Thus, while *Jiran* and *Pishvaee* are
4 appropriately related to each other because ATTM's subscriber cellular phone numbers
5 are at issue, the *Bradberry* cases should not be related to *Jiran* and *Pishvaee* because T-
6 Mobile's subscriber numbers – not ATTM's – are at issue in those cases.

7     Nor would relating *Jiran* and *Pishvaee* to the *Bradberry* cases avoid duplication of
8 labor and expense for the Court and the parties. The cases are in substantially different
9 postures at this juncture. As this Court knows, the *Bradberry* cases quickly advanced to
10 settlement negotiations shortly after filing of the complaints. *Valdez I* against Sprint and
11 *Sims* against Verizon Wireless have similarly been referred to private alternative dispute
12 resolution. In contrast, *Pishvaee* and *Jiran* are in the preliminary motions stages. A
13 motion to compel arbitration calendared for hearing on March 10, 2008 in *Pishvaee* and a
14 motion to remand calendared for hearing on February 29, 2008. Also, ATTM anticipates
15 filing a motion to compel arbitration on or before March 7, 2008 in *Jiran*. It does not
16 appear likely that there will be duplication of effort, particularly given the different
17 progression of these cases.

18     Moreover, because of different factual issues presented by these "recycled
19 number" claims against each of the carriers, the most efficient approach remains the
20 approach that Plaintiff's counsel has adopted to date – a carrier-by-carrier approach.
21 Such an approach would appropriately centralize the "recycled numbers" claims
22 involving a particular carrier before one judge, but would not force cases against different
23 carriers and moving in different directions into a single judicial assignment.
24 ///
25 ///
26 ///
27 ///
28 ///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\395091\3

4

OPPOSITION TO ADMINISTRATIVE MOTION TO
CONSIDER WHETHER CASES SHOULD BE RELATED

CASE NOS. C 06 6567 CW, C 07 5298 CW,
C 08 00013 SI, C 07 3407 JW, C 07 6496 SI

## III.

## CONCLUSION

ATTM respectfully requests the Court to determine that the *Jiran* and *Pishvaee* actions are not related to *Bradberry I and II* pursuant to L.R. 3-12.

Dated: February 5, 2008

DRINKER BIDDLE & REATH LLP

/S/ Michael Stortz
MICHAEL J. STORTZ

Attorneys for Defendant
AT&T MOBILITY LLC, formerly known as Cingular Wireless LLC, a Delaware corporation

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\395091\3

5

OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

CASE NOS. C 06 6567 CW, C 07 5298 CW, C 08 00013 SI, C 07 3407 JW, C 07 6496 SI