MICHAEL J. STORTZ (SBN #139386)
michael.stortz@dbr.com
BETH O'NEAL ARNESE (SBN #241186)
beth.arnese@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street
20th Floor
San Francisco, CA  94105-2235
Telephone:     (415) 591-7500
Facsimile:       (415) 591-7510

Attorneys for Defendant
AT&T MOBILITY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS JIRAN AND DELORES GRESHAM, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T MOBILITY, LLC d/b/a The New AT&T f/k/a CINGULAR WIRELESS, a Delaware limited liability company, VERISIGN, INC., a Delaware corporation, M-QUBE, INC., a Delaware corporation, MBLOX, INC., a Delaware corporation, and MOBILE MESSENGER AMERICAS, INC., a Delaware corporation,<br><br>Defendants. | Case No. C-08-00013 CW<br><br>**BRIEF IN SUPPORT OF JOINT MOTION TO STAY**<br><br>**Date**:  September 4, 2008<br>**Time:**  2:00 p.m.<br>**Courtroom:**  2, 4th Floor |
| BABAK PISHVAEE, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>VERISIGN, INC., a California corporation, M QUBE, INC., a Delaware corporation, and AT&T MOBILITY LLC, formerly known as Cingular Wireless LLC, a Delaware corporation,<br><br>Defendants. | Case No. C-07-3407 CW |

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

BRIEF IN SUPPORT OF JOINT MOTION TO STAY
SF01/ 597806.2

CASE NO. C-08-00013 CW

# I.

# **INTRODUCTION**

Defendant AT&T Mobility LLC ("AT&T Mobility") and Plaintiffs Louis Jiran, and Delores Gresham jointly request a stay of all pretrial proceedings in the above-captioned *Pishvaee* and *Jiran* actions as they relate to the claims of putative class members against AT&T Mobility.[1] A stay is warranted because preliminary approval has been granted of a refund settlement that encompasses all claims against AT&T Mobility in this action. As previously reported to the Court in the parties' Stipulation dated June 12, 2008, the national settlement arises out of a parallel class action pending before the Superior Court of Fulton County, Georgia and captioned *McFerren v. AT&T Mobility LLC*, No. 2008-EV-004400F. On May 30, 2008, the *McFerren* Court preliminarily approved the settlement, and set a hearing date of December 8, 2008 for final approval of the settlement.

This Court should stay these matters pending a decision from the *McFerren* Court regarding final approval of the national refund settlement. If the *McFerren* court grants final approval, the claims of putative class members against AT&T Mobility in these actions would be barred by *res judicata*, and further litigation would be an inefficient use of resources. A stay also would preserve the benefits of the settlement to AT&T Mobility. In addition, plaintiffs here will not be prejudiced by a stay. In the event the *McFerren* settlement is not finally approved,[2] Plaintiffs here will suffer no significant delay in pursuing their claims. And in any circumstance, Plaintiffs in these actions have ample opportunity to opt out from the *McFerren* settlement, or to present any objections to the settlement to the *McFerren* Court.

---

[1] This motion relates only claims asserted against AT&T Mobility in the *Pishvaee* and *Jiran* matters and does not encompass the *Bradberry* and *Valdez* related cases.

[2] The final approval hearing in the *McFerren* action is scheduled for December 8, 2008. *See* Arnese Decl. ¶ 4, Ex. C.

## II.

## BACKGROUND

**A.     The *Pishvaee* and *Jiran* Cases.**

On June 28, 2007, Plaintiff filed the *Pishvaee* matter in this Court.

On October 16, 2007, Plaintiffs filed the *Jiran* matter in San Francisco Superior Court. Defendants removed the *Jiran* case to federal court on January 2, 2008.

Both the *Pishvaee* and *Jiran* complaints stem from factual allegations related to AT&T Mobility's alleged practice of recycling telephone numbers that are encumbered with third-party charges and/or subscription agreements. *Pishvaee* Compl. ¶¶ 10-17; *Jiran* Compl. ¶¶ 1-2, 15-56. Both *Jiran* and *Pishvaee* are putative class actions involving so-called "recycled" cellular telephone numbers, i.e., numbers that allegedly "were previously owned and/or used by other persons or entities." *Pishvaee* First Amended Complaint at ¶ 10; *Jiran* Complaint at ¶ 1. Plaintiffs allege that due to such "recycled numbers," they and putative class members were charged for wireless content services "that were never authorized by the current owners of affected phone numbers." *Pishvaee* First Amended Complaint at ¶¶ 10-11; *Jiran* Complaint at ¶¶ 1-2. Plaintiffs in both actions bring individual and putative class claims under California common law and California statute, including putative claims under California Public Utility Code Section 2890 and California Business & Professions Code Section 17200.

Plaintiff in *Pishvaee* purports to represent a putative class "consisting of all wireless telephone subscribers in California and the nation who were billed by Defendants m-Qube and Cingular for products or services not authorized by the existing owner of the telephone number." *Pishvaee* First Amended Complaint ¶ 18.

Plaintiffs in *Jiran* purport to represent two classes: (1) "a class consisting of all AT&T wireless telephone subscribers in the nation who were charged by AT&T for mobile content services where the date of authorization for such charges preceded the date that the telephone number was assigned by AT&T to such subscriber"; and (2) "a class consisting of all wireless telephone subscribers in the nation who were charged by VeriSign, m-Qube, Mobile Messenger and/or MBlox for mobile content services where the date of authorization for such charges

preceded the date that the telephone number was assigned to such subscriber by his or her wireless carrier." *Jiran* Complaint at ¶ 93.

**B.    The Settlement**

Plaintiff Tracie McFerren filed a complaint captioned *McFerren v. AT&T Mobility LLC*, No. 2008-EV-004400F in Fulton County, Georgia. *See* Arnese Decl. ¶ 2, Ex. A. In her complaint, Plaintiff McFerren alleges claims for damages and injunctive and declaratory relief against AT&T Mobility arising out of the billing of mobile content provided by third parties, such as ringtones, wallpaper, news and information alerts, and other digital and electronic content, to A&T Mobility wireless telephone subscribers. *Id.*

On May 30, 2008, the *McFerren* Court preliminarily approved a settlement that provides comprehensive relief on the claims of putative class. The Settlement Class is defined as "all current and former AT&T Mobility Account Holders Nationwide who, at any time from January 1, 2004 to the Notice Date, were billed for Third Party Mobile Content." Arnese Decl. ¶¶ 3-4, Exs. B-C. The settlement provides the class with refunds equal to the amount of all unauthorized third-party mobile content charges, including charges due to recycled numbers. *Id.* AT&T Mobility has also agreed to take steps to inform its customers about mobile content and methods for its customers to dispute unauthorized charges and cancel mobile content subscriptions. *Id.* The hearing for final approval of the settlement is scheduled for December 8, 2008.

The *McFerren* settlement releases all claims of AT&T Mobility subscribers relating to any charge for mobile content and involving "any allegation on any basis that such charge was unauthorized." Such claims include the claims asserted by plaintiffs in these actions – that the charges "were the result of receiving a 'recycled' cellular telephone number." Settlement Agreement at 9, attached to Arnese Decl. at Ex. B.

In their most recent Stipulated request to continue, filed June 12, 2008, the parties notified this Court that Judge Bonner had granted preliminary approval of the national settlement in the *McFerren* matter. The parties further explained that the settlement would resolve the claims of both Plaintiffs and the proposed class against AT&T Mobility in these actions. The parties also attached the order from the *McFerren* Court granting preliminary approval to the stipulation.

# III.

# ARGUMENT

**A.   The Court Should Stay this Action Based on the Principles of Comity and Efficiency.**

Federal courts routinely grant stays of purported class actions pending final approval of a class-wide settlement proposed in a parallel state court action where the claims are overlapping. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see also Dibel v. Jenny Craig, Inc.*, Case No. 06-CV-2533 BEN (AJB), 2007 U.S. Dist. LEXIS 58573, at *5-6 (S.D. Cal. Aug. 10, 2007) (citing *Landis*) (ordering stay of case until resolution of the final approval hearing in state court action "in the interests of judicial economy and orderly disposition of this case, as well as the direct correlation with the abstention principles . . ."); *Kramer v. Pearson,* Civ. No. 03-1166 (JRT/FLN)*,* 2003 U.S. Dist. LEXIS 11730, at *6 (D. Minn, July 9, 2003) (citing *Landis*) (finding "a wise use of judicial resources to stay [the federal] action pending resolution of settlement and class certification issues in [the state court proceeding]"); *Board of Trustees of Teachers' Retirement System of Illinois v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 905-06 (N.D. Ill. 2002) (granting stay of proceedings to promote judicial economy); *cf. In re RC2 Corp. Toy Lead Paint Products Liability Litigation*, Case No. 07 C 7184, MDL No. 1893, 2008 U.S. Dist. LEXIS 14121, *13-*14 (N.D. Ill. Feb. 20, 2008) (granting defendants' motion to stay proceedings in federal court MDL action pending final approval of state court settlement of nationwide class action because stay would not prejudice plaintiffs who could opt-out of state settlement).

For example, in *Annunziato v. eMachines Inc.,* Civ. A. No. SACV 05-610-JVS (MLGx), 2006 U.S. Dist. LEXIS 97020 (C.D. Cal. July 24, 2006), the District Court granted Defendant's motion to stay under circumstances very similar to those presented here.  In *Annunziato*, Plaintiffs filed a putative class action against eMachines alleging a defect in Defendant's laptop computers. *Id*. at *2.  Subsequently, a Plaintiff filed a putative class action in a state court in Ohio alleging similar problems with the laptops. *Id.* at *4.  The Ohio Plaintiff thereafter moved the state court

1  for preliminary approval of a classwide settlement, and the Defendant in the District Court matter
2  requested a stay pending final approval of the settlement. *Id*. at *6. The District Court granted the
3  motion to stay based on the similarity of the state and federal court proceedings, and on principles
4  of efficiency and comity. *Id*. at *15-18. In this case, grounds for a stay are even stronger than
5  those in *Annunziato* because here the *McFerren* Court has already granted preliminary approval
6  to the settlement.

### 1. The Putative Class Members in the *Pishvaee* and *Jiran* Actions Are Encompassed in the Settlement.

In *Annunziato*, the court explained that the similarities of the claims of the plaintiffs in the District Court to those of the plaintiffs in the state court weighed in favor of granting a stay. *Annunziato, supra,* 2006 U.S. Dist. LEXIS 97020 at * 15. As in *Annunziato*, the pending settlement encompasses the putative classes in the *Pishvaee* and *Jiran* proceedings. Indeed, the Plaintiffs and counsel in Jiran and Pishvaee have joined in support of the settlement. *See* Arnese Decl. ¶ 3-4, Exs. B-C

### 2. The Claims of the Putative Class Members Against AT&T Mobility in *Pishvaee* and *Jiran* Will Be Barred by *Res Judicata*.

The class claims against AT&T Mobility in the *Pishvaee* and *Jiran* proceedings will be precluded after the state court settlement is finalized. The Ninth Circuit has recognized that the "full faith and credit" provisions of 28 U.S.C. § 1738 "require[] a federal court to give precisely the preclusive effect to a state court judgment that the state prescribes for its own courts." *Noel v. Hall*, 341 F.3d 1148, 1160 (9th Cir. 2003). *See also Annunziato, supra,* 2006 U.S. Dist. LEXIS 97020 at * 16-17, ("[C]onsiderations of comity compel this Court to honor the injunction ordered by the Ohio state court and consequently, to grant this motion to stay."). Federal courts will grant stays when the *res judicata* effect of a state court settlement would render continued federal litigation unnecessary. *See Advanced Internet Tech., Inc. v. Google, Inc.,* Nos. C 05 02579 RMW, C 05 02885 RMW, 2006 WL 889477 (N.D. Cal. April 5, 2006) (granting stay of federal class action after state court preliminarily approved state class settlement); *Chartener v. Provident Mut. Life Ins. Col*, No. Civ. A. 02 8045 2003 WL 22518526 (E.D. Pa. Oct. 22, 2003) (granting stay of federal class action pending resolution of state class settlement). This preclusive effect

means that the parties' efforts to continue to pursue and defend the claims in the District Court will be moot once the *McFerren* Court approves the settlement.

### 3. Principles of Efficiency Also Dictate that the Court Should Grant Defendants' Motion to Stay.

As the United States Supreme Court has recognized, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). The *Annunziato* Court applied this principle in granting defendants' motion to stay, explaining that "if the Ohio state court approves the preliminary settlement, [the parties] . . . would be saved from 'hundreds of hours spent on discovery and briefing' in proceeding with this case." *Annunziato, supra,* 2006 U.S. Dist. LEXIS 97020 at *16.

If the Court does not grant a stay in the present case, the parties will proceed with discovery and issues related to Plaintiffs' pleadings, all of which will be unnecessary when the settlement receives final approval. The Court's own resources will also be wasted on overseeing litigation that will be unnecessary and redundant. When presented with duplicative litigation, a court may grant a stay based on judicial economy. *See, e.g., Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (internal citations omitted) ("a trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."); *LaDuke v. Burlington Northern R.R. Co*., 879 F.2d 1556, 1560 (7th Cir. 1989) ("[T]he results of simultaneous litigation of identical issues in the state and federal courts may be both 'unseemly' and a 'grand waste' of the efforts of the parties and the courts."). The Court should grant a stay not only to avoid unnecessary litigation, but also to conserve its own resources.

### B. A Stay Will Not Prejudice the Plaintiffs.

Plaintiffs here will not be prejudiced by a stay. If the *McFerren* Court does not provide final approval to the settlement, Plaintiffs will have suffered no significant delay in pursuing their claims in the *Pishvaee* and *Jiran* matters. If the *McFerren* Court does give final approval to the

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

BRIEF IN SUPPORT OF JOINT MOTION TO STAY
SF01/ 597806.2
- 7 -
CASE NO. C-08-00013 CW

1  settlement and this action is precluded, the Settlement Agreement provides that Plaintiffs can opt-
2  out from the settlement in the *McFerren* Court. *See* Settlement Agreement, Arnese Decl. ¶ 3, Ex.
3  B ("A Class Member may opt out of the Class at any time during the Opt-Out Period, as will be
4  outlined in the Court-approved Notice."). The Settlement Agreement further provides that a
5  member may object to the settlement. *Id*. ("Any Settlement Class Member who intends to object
6  to the Settlement Agreement must include his/her name and address, include all arguments,
7  citations, and evidence supporting the objection. An objecting Class Member must state, in
8  writing, all objections and the basis for any such objection(s), and provide a statement whether
9  the Objector intends to appear at the Fairness Hearing, either with or without counsel.").

10  At the Fairness Hearing, the *McFerren* Court will review comments and/or objections
11  regarding the settlement and consider its fairness, reasonableness and adequacy in determining
12  whether to grant final approval. *See* Settlement Agreement and Preliminary Approval Order,
13  Arnese Decl. ¶¶ 3-4, Ex. B-C. *See also Annunziato, supra,* 2006 U.S. Dist. LEXIS 97020 at *15,
14  fn 5 (acknowledging plaintiffs' concern that the preliminary settlement was "not even remotely
15  adequate," but explaining that "resolution of this issue should be presented to the Ohio state court
16  by way of a timely objection").

### IV.

### **CONCLUSION**

19  For the foregoing reasons, AT&T Mobility respectfully requests that the Court grant a
20  stay in the *Pishvaee* and *Jiran* proceedings pending final approval of the settlement in the
21  *McFerren* action.
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

Dated: July 17, 2008					DRINKER BIDDLE & REATH LLP


							By: /S/ *Beth O'Neal Arnese*
							     Beth O'Neal Arnese

							Attorneys for Defendant
							AT&T MOBILITY LLC

Dated: July 17, 2008					KAMBEREDELSON, LLC


							By:/S/ *Myles McGuire*
							     Myles McGuire

							Attorneys for Plaintiffs
							Louis Jiran and Dolores Gresham